## Commonwealth v. Lytle

SWEET, P. J., June 21, 1965.—James Lytle pleaded guilty to murder generally on May 8, 1957, upon which a hearing was held to determine the degree of guilt. Defendant was represented by William R. Dennison, Esq., of Washington, and Clyde G. Tempest, Esq., of Monongahela, before, during and after his plea. At

the end of proceedings, Judge David H. Weiner determined the degree at "second degree murder," sentenced defendant, inter alia, to a period of not less than 10 or more than 20 years confinement, and urged that no clemency be ever shown to this defendant.

Now in 1965, evidently stirred by rumors of new routes of escape from the consequences of criminal conviction, and hopeful that he can perceive some error in proceedings which have lain unchallenged these eight years, Lytle seeks the notes of the proceedings. His petition is refused. The act he cites* applies only to the records of *trials* in the several courts of oyer and terminer and general jail delivery. See opinion of Sheely, P. J., in Commonwealth ex rel. Haines v. Banmiller, 13 D. & C. 2d 57 (1958), per curiam, 393 Pa. 439 (1958), cert. denied 358 U. S. 868. Lytle's case did not rise to that dignity but was a hearing only. It has been held that a defendant who pleaded guilty is not entitled to notes of testimony: Commonwealth v. Hayes, 30 D. & C. 2d 637 (1963), Beaver Co. It has also been held that after the 90-day period provided by law, a county should not be put to this expense where no good reason is shown: Commonwealth v. Cramer, 13 D. & C. 2d 655 (1957), Westmoreland Co. We have set much of this forth earlier ourselves in Commonwealth v. McCartney, 101 February term, 1964, Q. S., Washington Co. In this connection, one might also consult Commonwealth ex rel. Turk v. Ashe, Warden, 167 Pa. Superior Ct. 323 (1950), certiorari denied 340 U. S. 907 (1950). Rights under the Act of 1907, as amended, do not extend to the miscellaneous records such as commitments, informations, warrants or sentences: Commonwealth v. Myers, 21 Fayette 44 (1958). It has been held that a pleader can find no benefit under this section, since there has been no trial:

---

* Act of May 1, 1907, P. L. 135, sec. 2, as amended, 17 PS §1802.

148

Commonwealth v. Rockwell, 20 Fayette 90 (1957); Commonwealth v. Sarlouis, 21 D. & C. 2d 253 (1959).

It would seem that Commonwealth v. Bishop, 76 D. & C. 302 (1951), does not apply because of the difference in the time factor and because Bishop was not a pleader but actually stood trial.

Hardy v. United States, 375 U. S. 277 (1964), which would make a stronger case for petitioner, is also inapplicable, since thus far the prisoner's automatic right to a full transcript is a Federal right only. It is likely that Hardy was not decided on constitutional grounds, but as a matter of construction of the Federal Rules of Criminal Procedure or statutory scheme. Justice Harlan, dissenting, said, "I do not understand this Court's decision to rest on constitutional grounds nor do I think it well could."

At best then, Lytle's rights under Pennsylvania law lie in the discretion of this court. For the various reasons set forth in the cases hereinabove, we do not choose to accommodate him. To give him this transcript would only enable him to vex us some more at a later date, for it is obvious from his half-learned petition that he has fallen into the clutches of some sea-lawyer in the penitentiary. The petition is dismissed at the cost of Washington County.